**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1532
_____

JOSE DAVID GARCIA PINA,
                                                    Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                    Respondent


_____


On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A037 639 462
Immigration Judge:  Dorothy Harbeck

_____


Submitted Pursuant to Third Circuit LAR 34.1(a)
August 9, 2010
Before:  SLOVITER, CHAGARES AND WEIS, Circuit Judges

(Opinion filed: August 17, 2010)


_____

OPINION
_____

PER CURIAM.

        Jose David Garcia Pina ("Garcia") petitions for review of an order of the

Board of Immigration Appeals ("BIA"), which dismissed his appeal of an Immigration

1

Judge's ("IJ") final removal order. We will deny the petition for review.

# I.

Garcia, a native and citizen of the Dominican Republic, entered the United States in 1982 as a lawful permanent resident at the age of eleven. He was convicted of drug and firearm offenses in 2003. The Department of Homeland Security issued a Notice to Appear in 2007, charging him with being removable under section 237(a)(2)(B)(I) of the Immigration and Nationality Act ("INA") [8 U.S.C. § 1227(a)(2)(B)(I)] (alien convicted of controlled substance offense); INA § 237(a)(2)(C) (alien convicted of possession of firearm); and INA § 237(a)(2)(A)(iii) (alien convicted of aggravated felony). Garcia applied for asylum, withholding of removal, and deferral of removal under the United Nations Convention Against Torture ("CAT"). The IJ pretermitted his applications for asylum and withholding of removal, finding that he was precluded from applying for asylum because he had been convicted of an aggravated felony and a particularly serious crime, but the IJ considered his application for protection under the CAT.

Garcia's CAT claim is based on his fear that he will be tortured in the Dominican Republic because of information he gave law enforcement authorities about a prominent person in the drug trade, Carmello. Garcia testified that Carmello traveled back and forth between the United States and the Dominican Republic, and that people

associated with Carmello had gone to Garcia's aunt and grandmother in the Dominican Republic, looking for Garcia, and telling his relatives that he deserved to have his head chopped off for being an informant. Garcia did not know if his relatives contacted the police. Garcia acknowledged that Carmello was not a police officer or elected official in the Dominican Republic.

The IJ denied relief, finding that Garcia had not met his burden of showing that it was more likely than not that he would be tortured in the Dominican Republic. On appeal, the BIA agreed with the IJ's conclusion that Garcia had failed to establish his eligibility for deferral of removal under the CAT. Citing pages 14 through 16 of the IJ's opinion, the BIA stated that it agreed that Garcia's speculations about what might happen to him at the hands of certain individuals was too remote to warrant protection under the CAT. The BIA also stated, citing Silva-Rengifo v. Attorney General, 473 F.3d 58 (3d Cir. 2007), that even assuming Garcia had met his burden of showing he would likely be tortured, the torture "would have to be carried out not only with the 'awareness' of a Dominican government public official, but in order to constitute governmental 'acquiescence,' [Garcia] must also demonstrate that the Dominican government would breach its duty to protect the respondent from these criminals." A.R. 00004. The BIA found that Garcia had not made such a showing, and denied him relief. Garcia filed a timely petition for review.

## II.

3

We have jurisdiction to review a final order of removal pursuant to 8 U.S.C. § 1252(a)(1). Where, as here, the BIA agrees with the decision and analysis of the IJ while adding its own reasoning, we review both decisions. See Sandie v. Att'y Gen., 562 F.3d 246, 250 (3d Cir. 2009).

Because Garcia was found removable for having committed an aggravated felony, our jurisdiction extends only to the review of "constitutional claims or questions of law raised upon a petition for review." 8 U.S.C. § 1252(a)(2)(D). We cannot revisit the factual findings in the record. Alaka v. Att'y Gen., 456 F.3d 88, 102 (3d Cir. 2006). With respect to CAT claims,[1] the question of the likelihood of torture is a mixed one, comprised of a factual component ("what is likely to happen to the petitioner if removed") and a legal one ("does what is likely to happen amount to the legal definition of torture"). Kaplun v. Att'y Gen., 602 F.3d 260, 271 (3d Cir. 2010). Garcia presents two legal questions: whether the IJ and BIA sufficiently reviewed all relevant evidence of torture, and whether the IJ and BIA used the proper legal standard.

In assessing whether it is more likely than not that an applicant would be tortured in the proposed country of removal, "all evidence relevant to the possibility of future torture shall be considered . . . ." 8 C.F.R. § 1208.16(c)(3). Garcia argues that the IJ (and impliedly, the BIA) overlooked some of the record evidence. In particular, he

---

[1]     Garcia does not challenge the pretermission of his asylum and withholding claims.

4

argues that the IJ ignored a statement in U.S. Department of State's Human Rights Report describing police involvement in beatings and physical abuse of detainees in the Dominican Republic, and ignored statements from the State Department's International Narcotics Control Strategy Report concerning drug use among police officers in the Dominican Republic and a statement that the Dominican Republic is a major transit country for cocaine and heroin.

The BIA must provide sufficient detail to allow the reviewing court to discern the basis of its decision, but it is not obligated to address each piece of documentary evidence in its opinion.[2] Toussaint v. Att'y Gen., 455 F.3d 409, 414 (3d Cir. 2006); Zheng v. Att'y Gen., 549 F.3d 260, 268 (3d Cir. 2008). Here, the Board provided enough detail for us to conduct a meaningful review of its denial of Garcia's claim under the CAT. The BIA's determination that Garcia had not met his burden of proving by objective evidence that it was more likely than not that he would be personally at risk of torture upon his return to the Dominican Republic indicates that the Board had considered all of the evidence of record. Cf. Toussaint, 455 F.3d at 415 ("BIA's reference to 'insufficient evidence' indicates that it weighed the evidence and found it lacking . . . .").[3]

---

[2]     In any event, we note that the IJ specifically referenced one of the State Department reports in her decision. A.R. 46.

[3]     Further, the evidence Garcia points to does not appear sufficient to change the IJ's decision that Garcia had not met his burden of showing that it is more likely than not that he would be tortured.

Garcia also argues that the IJ and BIA erred by failing to follow our holding in Silva-Rengifo that an alien may establish government acquiescence by showing that the government of the country he is returning to would be willfully blind to his torture. See Silva-Rengifo, 473 F.3d at 65. We disagree. The IJ correctly noted that Garcia could meet his burden by showing that the government "remains willfully blind to this tortuous conduct." A.R. 45. The BIA also specifically referred to the pages in the IJ's opinion where the IJ set forth the law regarding claims under the CAT, A.R. 4; and also cited Silva-Rengifo, albeit without directly referencing the "willful blindness" concept, A.R. 4. We have no question that the IJ and BIA applied the correct standard. Further, this was not a case where the alien had established that he would be tortured, with the only remaining question being whether that torture would be with the acquiescence of the government; rather, the IJ and BIA found that Garcia had not met the initial burden of showing that he would be tortured.

For the above reasons, we will deny the petition for review.